UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, By and Through Its Board of Trustees, <br><br>and<br><br>PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, By and Through Its Board of Trustees,<br><br>and<br><br>ILLINOIS STATE PAINTERS HEALTH AND WELFARE FUND, By and Through Its Board of Trustees,<br><br>Plaintiffs,<br><br>v.<br><br>F.J. ROBINSON CONTRACTING, INC. and F.J. ROBINSON'S CONTRACTING, INC.,<br><br>Defendants. | Case No.: |

## COMPLAINT

NOW COME Plaintiffs, Painters District Council #58 Fringe Benefit Funds, Painters District Council #58 401(k) Fund, and Illinois State Painters Health & Welfare Fund, by and through their attorneys, Cavanagh & O'Hara LLP, and for their Complaint against Defendants F.J. Robinson Contracting, Inc. and F.J. Robinson's Contracting, Inc., and allege as follows:

### Parties

1. Plaintiff Painters District Council #58 Fringe Benefit Funds (hereinafter "DC#58 Fringe Benefit Funds") are one or more employee benefit plans within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The DC#58 Fringe Benefit Funds' Boards of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.  The address and place of business of the DC#58 Fringe Benefit Funds is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

3.  Plaintiff Painters District Council #58 401(k) Trust Fund (hereinafter "DC#58 401(k) Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The DC#58 401(k) Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.  The address of the DC#58 401(k) Fund is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

5.  Plaintiff Illinois State Painters Health & Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. The address of the Welfare Fund is 13801 Riverport Drive, Suite 401, Maryland Heights, Missouri 63043, within the jurisdiction of this Court.

7. Together, the DC#58 Fringe Benefit Funds; DC#58 401(k) Fund; and Welfare Fund shall be referred to as the "Plaintiff Funds."

8. Defendant F.J. Robinson Contracting, Inc. ("F.J. Robinson") is, and/or was an Illinois corporation maintaining its principal place of business at 102 Tanner, Bloomington, Illinois 61701.

9. F.J. Robinson is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

10. Defendant F.J. Robinson's Contracting, Inc. ("F.J. Robinson's") is, and/or was an Illinois corporation maintaining its principal place of business at 102 Tanner, Bloomington, Illinois 61701.

11. F.J. Robinson's is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

### Jurisdiction and Venue

12. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

13. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

14. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

### Facts Common To All Counts

15. F.J. Robinson's was administratively dissolved by the Illinois Secretary of State on or about August 1, 1991.

16. F.J. Robinson is and/or was a continuation of F.J. Robinson's, is the successor to, or constitutes a single, integrated enterprise with, F.J. Robinson's, which has continued to operate in the marketplace as F.J. Robinson Contracting, Inc., and/or F.J. Robinson's Contracting, Inc.

17. F.J. Robinson was administratively dissolved by the Illinois Secretary of State on or about March 1, 2002.

18. Despite the dissolutions, F.J. Robinson and/or F.J. Robinson's have continued to operate in the marketplace under the name F.J. Robinson Contracting, Inc. and/or F.J. Robinson's Contracting, Inc., including within the statute of limitations period applicable to this case.

19. F.J. Robinson and/or F.J. Robinson's are, were and have been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters District Council #58, International Union of Painters and Allied Trades, AFL-CIO ("District Council #58"), and/or its constituent local union.

20. F.J. Robinson and/or F.J. Robinson's are, were and have been signatory to and bound by Participation Agreement(s) with the Plaintiff Funds, pursuant to which F.J. Robinson and/or F.J. Robinson's agreed to become party to and to be bound by the terms and provisions of certain Trust Documents establishing the Plaintiff Funds.

21. F.J. Robinson and/or F.J. Robinson's employ(s), or has/have employed individuals who are members of, and represented by, District Council #58 and its constituent local labor organizations; and said individuals are participants in the Plaintiff Funds.

22. The Agreement(s), the Participation Agreement and/or the Trust Document(s) require F.J. Robinson and/or F.J. Robinson's to submit reports of hours worked by their employees working under the terms of the Agreement, and to pay monetary contributions to the Plaintiff Funds at specified hourly rates related to hours worked by their employees pursuant to the Agreement(s) within the jurisdiction of District Council #58.

23. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, F.J. Robinson and/or F.J. Robinson's are required to make contributions to the Plaintiff Funds in accordance with the terms and conditions of its Agreement and the Declarations of Trust establishing the Plaintiff Funds.

24. Pursuant to the CBA, F.J. Robinson and/or F.J. Robinson's are further required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to the DC#58 Fringe Benefit Funds on behalf of the union(s) and fund(s) which have duly authorized the DC#58 Fringe Benefit Funds to act as collection agent.

25. The Agreement(s), the Participation Agreement and/or the Trust Document(s) adopted by the Trustees of the Plaintiff 401(k) Plan and Plaintiffs Painters District Council #58 Fringe Benefit Funds, and to which F.J. Robinson and/or F.J. Robinson's are bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

26. The Agreement(s), the Participation Agreement and/or the Trust Document(s) further authorize the Plaintiff Funds to conduct audits of signatory employers, including The Agreement(s), the Participation Agreement and/or the Trust Document(s) further authorize the Plaintiff Funds to conduct audits of signatory employers, including F.J. Robinson and/or F.J. Robinson's.

27. Audits are also within the scope of equitable relief available in an action pursuant to §§ 502(g)(2)(E) and 515 of ERISA.

28. In June 2016, Plaintiffs' auditors, Romolo & Associates, CPA, attempted to make arrangements with F.J. Robinson and/or F.J. Robinson's to conduct an audit.

29. F.J. Robinson and/or F.J. Robinson's, however, failed and refused to schedule the audit.

30. The Plaintiff Funds demanded F.J. Robinson and/or F.J. Robinson's voluntarily make arrangements for an audit.

31. As of the date of this Complaint, F.J. Robinson and/or F.J. Robinson's have, without good cause, failed and refused to allow an audit to take place.

32. Inasmuch as F.J. Robinson and/or F.J. Robinson's have failed and refused to cooperate with the scheduling of an audit, the Plaintiff Funds have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless F.J. Robinson and/or F.J. Robinson's are ordered to submit to an audit.

33. The Plaintiff Funds are further entitled to an award of the contributions determined to be due by audit, along with Liquidated Damages; interest; audit costs; and attorneys' fees and costs.

34. As a result of the acts and omissions complained of herein, the Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendants F.J. Robinson Contracting, Inc. and F.J. Robinson's Contracting, Inc.;

b. Enter an interlocutory Order that Defendants F.J. Robinson Contracting, Inc. and F.J. Robinson's Contracting, Inc. submit to an audit;

c. Enter an Order awarding Plaintiffs any and all contributions determined to be due as evidenced by audit;

d. Enter an Order awarding Plaintiffs Liquidated Damages;

e. Enter an Order awarding Plaintiffs appropriate pre-judgment interest;

f. Enter an Order awarding Plaintiffs their attorneys' fees and costs;

g. Enter an Order awarding Plaintiffs appropriate post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
333 Salem Place, Suite 240
Fairview Heights, IL  62208
(618) 726-2530 – Telephone
(618) 726-2533 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs