# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, by and through its Board of Trustees, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FERREL J. ROBINSON, JR. d/b/a F.J. ROBINSON CONTRACTING, INC., <br><br> Defendant. | No. 4:16-CV-1405 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Set Aside the Default Judgment for Improper Service of Process (ECF No. 24). Defendant argues that this Court should set aside the default judgment because Plaintiffs served Ferrell J. Robinson, Sr. instead of Ferrell J. Robinson, Jr., who is the named defendant in this case. Defendant asserts that because the summons said "Jr."—but meant to name Ferrell J. Robinson, Sr.—there is no personal jurisdiction established over Ferrell Robinson, Sr. and the Default Judgment is void.

In response, Plaintiffs do not dispute that they served Ferrell J. Robinson, Sr. (ECF No. 25). Rather, Plaintiffs argue that this case should not be set aside because of Plaintiffs' misnomer. As admitted by Defendant, Plaintiffs intended to sue Robinson, Sr. and actually served Robinson, Sr., who is the true "owner" of the former company. *See* Affidavit of Ferrell Robinson, Jr., ECF No. 24-1 ("It is my understanding that the Plaintiffs meant to sue my father, and I believe the person mentioned in the return of service is my father."). Plaintiffs maintain that Robinson, Sr., the correct Defendant, was served with a Summons and First Amended

Complaint, which he knew was intended for him as the owner of the company. (ECF No. 25 at 9).

The Court agrees that service was not improper and the Judgment is not void simply because the subpoena contained a misnomer. Robinson, Sr. knew since October 2016 of Plaintiffs' claims against him but that Plaintiffs had simply misnamed his son. "A defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them." *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977) (citing *United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947)). Defendant has not alleged that Robinson, Sr. did not have notice of the claims or that he suffered any harm. *In re Agriprocessors, Inc.*, 465 B.R. 822, 829 (Bankr. N.D. Iowa 2012) (quoting *Nunley v. Dep't of Justice,* 425 F.3d 1132, 1139 (8th Cir.2005) ("[A] person cannot complain about the constitutionality of the method used to provide notice when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm."). Rather, the record indicates that Robinson, Sr. received service of process and was aware of this litigation. *See* ECF No. 25, ¶¶8-12 (Plaintiffs' counsel exchanged correspondence with "Ferrell Robinson" (no generational distinction made) who challenged the content and validity of the audit). Thus, the Court holds that Plaintiffs' naming "Ferrell Robinson, Jr." in the Complaint and in the service of process was simply a misnomer. Both Ferrell Robinsons knew that Ferrell Robinson, Sr. was the proper defendant and interacted with Plaintiffs' counsel accordingly. Ferrell Robinson, Sr. cannot now claim that he did not have an opportunity to defend this case because of improper service. Ferrell Robinson, Sr. made a calculated risk not to defend this action after he had actual notice of this litigation and, accordingly, the Court finds service on Ferrell Robinson, Sr. was effective.

Likewise, the Court finds no "good cause" under Fed. R. Civ. P. 60(b) to set aside the default judgment. (ECF No. 25 at 9-11). "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c); *United States v. 2005 Chrysler 300C, VIN2C3AA63HX5H631206*, 382 F. App'x 531, 532 (8th Cir. 2010). "When examining whether good cause exists, the district should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *2005 Chrysler 300C, VIN2C3AA63HX5H631206*, 382 F. App'x at 532–33 (citing *Stephenson v. El–Batrawi*, 524 F.3d 907, 912 (8th Cir.2008) (quotation omitted)). Defendant has suggested that the Court should set aside the default judgment because the "judgment is void" due to improper service. (ECF No. 24 at 2). Having found that the judgment is not void, the Court holds that the judgment cannot be set aside under Fed. R. Civ. P. 60(b)(4). Likewise, the Court also holds that Defendant has not alleged "mistake, inadvertence, surprise or excusable neglect" under Fed. R. Civ. P. 60(b)(1); newly discovered evidence under Fed. R. Civ. P. 60(b)(2); fraud under Fed. R. Civ. P. 60(b)(3); or satisfaction, release, or discharge of the judgment under Fed. R. Civ. P. 60(b)(5). Therefore, the Court holds that Defendant has not shown good cause to set aside the default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside the Default Judgment for Improper Service of Process (ECF No. 24) is **DENIED**.

Dated this 22nd day of November, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE